**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANTOINE JONES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 07-1063 (HHK) |
| | : | |
| STEVE KIRCHNER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS STEVE KIRCHNER AND JOSEPH SOPUTA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Steve Kirchner (hereafter "Kirchner") and Joseph Soputa (hereafter "Soputa"), by and through counsel, move this Court for an order of dismissal pursuant to Fed. R Civ. P. 12(b)(6) and 8(a), on the following grounds:  1) Plaintiff has failed to state a claim against these Defendants for which he is entitled to relief, and 2) Defendants Kirchner and Soputa are entitled to qualified immunity.  Support for this motion is set forth in the accompanying memorandum of points and authorities attached hereto and incorporated herein.

WHEREFORE, defendants pray this Court that judgment be entered in their favor.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

        \s\
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

By:    \s\
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295
E-mail:  Michael.bruckheim@dc.gov
Counsel for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTOINE JONES,                          :
                                        :
       Plaintiff,                 :
                                        :
v.                                      :     Civil Action No. 07-1063 (HHK)
                                        :
STEVE KIRCHNER, *et al.*,               :
                                        :
       Defendants.                :

**DEFENDANTS STEVE KIRCHNER AND JOSEPH SOPUTA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

In support of their motion to dismiss, defendants Kirchner and Soputa (hereinafter collectively referred to as "defendants") state as follows:

**PRELIMINARY STATEMENT**

**I.    Statement of Relevant Facts.**

Plaintiff alleges in his Complaint that his constitutional rights were violated by several FBI agents and these defendants when they served a search warrant for his home in the early morning hours of October 24, 2005. *See generally,* Complaint. Plaintiff appears to allege that his rights were violated because he never saw a copy of the search warrant, and because the warrant was served at 4:45 a.m., which was before the 6:00 a.m. to 10:00 p.m. time frame for the search.[1] *Id.,* p. 1. Nowhere does plaintiff allege that defendants either sought the warrant or served the warrant themselves. In fact, nowhere in plaintiff's complaint does he allege any facts against defendants Kirchner and Soputa. At best, plaintiff has only alleged that defendants were present at the time the warrant was served. As set forth below, dismissal of this case against these defendants is warranted.

---

[1] Plaintiff's allegations contain no explanation as to how he would know when the warrant was to have been served if he had never seen a copy of it.

**ARGUMENT**

**I.    Standard of Review.**

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which he/she is entitled to relief. The Supreme Court has held that the proper test for the sufficiency of a pleading is whether the claim the Complaint purports to set forth is "plausible." *See Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1966 (2007). The determination of whether a dismissal is proper must be made on the face of the pleadings alone. *See Telecommunications of Key West, Inc., v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.,* 127 S.Ct. at 1964-65. "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966. *See Conley v. Gibson*, 355 U.S. 41, 45 (1957).

**II.    Plaintiff's Complaint Must be Dismissed under Rules 8(a) and 12(b)(6).**

  A.    **Plaintiff Has Failed to Satisfy the Requirements of Rule 8(a).**

Fed. R. Civ. P. 8(a) governs the content and format of a plaintiff's complaint. Specifically required are (1) the grounds for jurisdiction, (2) a short and plain statement of the claim, and (3) a demand for relief. Plaintiff's complaint fulfills none of these requirements. Plaintiff's complaint does not specifically attribute any of the alleged conduct in his complaint to the defendants. Therefore, these defendants are entitled to dismissal of plaintiff's complaint against them.

B.     **Plaintiff Has Failed to Satisfy the Requirements of Rule 12(b)(6).**

In reviewing the sufficiency of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and citing *Gardner v. Toilet Goods Assn.*, 387 U.S. 167, 172 (1967)). The court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). The motion can be granted, and the complaint dismissed, only if no relief could be granted upon those facts. *See Id.*

In the instant case, even if all the alleged "facts" are viewed in a light most favorable to plaintiff, there is still no relief that can be granted to plaintiff. Plaintiff fails to allege any facts against these defendants, and fails to state a specific cause of action against these defendants. In fact, these defendants' names only appear in the case caption. *See* Complaint, *generally*. Accordingly, these defendants are entitled to dismissal.

**III.**     **These Defendants are Entitled to Qualified Immunity.**

These defendants are entitled to qualified immunity in this litigation. Qualified immunity shields an individual officer from liability as long as his action could reasonably have been thought to be consistent with the rights they are alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638 (l987). A police officer should prevail on the qualified immunity defense even if he is mistaken, if a reasonable officer could have believed that the action taken was not in violation of clearly established constitutional law. *Anderson*, 483 U.S. at 64l. *See also*, *District of Columbia v. Evans*, 644 A.2d l008, l0l5 (D.C. 1994). As noted by Justice Scalia in *Anderson*, *supra*, " ... it is inevitable that law enforcement officials will, in some cases reasonably but mistakenly conclude

5

that probable cause is present, and we have indicated that in such cases those officials - like other officials who act in ways they reasonably believe to be lawful - should not be held personally liable." *Id.* at 641. Qualified immunity thus protects all but the plainly incompetent or those who knowingly violate the law.

In the case at bar, plaintiff has not alleged that defendants took any direct action against him. The most that can be gleaned from plaintiff's complaint is that the defendants may have been present on the scene. Plaintiff has failed to plead any reason why it would have been unlawful for these defendants to be present during the time of the incident that forms the basis of this litigation. Not only is there an absence of affirmative action taken by these defendants, there are no allegations that these defendants failed to take action as required by law. *See* Complaint, *generally*. To prevail on any federal claims of misconduct, plaintiff must show that each defendant personally participated in the alleged arrest that forms a basis of the complaint. *Simpkins v. D.C. Government,* 108 F.3d 366, 369 (D.C. Cir. 1997). Based on the facts in a light most favorable to plaintiff, these defendants cannot be held liable for any of the allegations contained in plaintiff's complaint. Accordingly, they are entitled to dismissal.

WHEREFORE, defendants Kirchner and Soputa respectfully request this Court to grant their motion for dismissal for the reasons set forth above.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

        \s\
       PATRICIA A. JONES [428132]
       Chief, General Litigation Sec. IV


By:     \s\
       MICHAEL P. BRUCKHEIM [455192]
       Assistant Attorney General
       441 4TH Street, NW, 6th Floor-South
       Washington, D.C.  20001
       202-724-6649; 202-727-6295
       E-mail:  Michael.bruckheim@dc.gov
       Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTOINE JONES, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    Civil Action No. 07-1063 (HHK) |
| | : |
| STEVE KIRCHNER, *et al.*, | : |
| | : |
| Defendants. | : |

**ORDER**

Upon consideration of defendants Steve Kirchner and Joseph Soputa's Motion to Dismiss Plaintiff's Complaint, the Memorandum of Points and Authorities in support thereof, any opposition thereto, and the record herein, it is, this ____ day of _____, 2007;

ORDERED; that defendants' Motion to Dismiss Plaintiff's Complaint is hereby granted for the reasons set forth in their motion; and it is

FURTHER ORDERED; that this case is dismissed with prejudice as to defendants Kirchner and Soputa.

        Judge Henry H. Kennedy, Jr.
        United States District Court Judge